IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONSANTO COMPANY<br>800 N. Lindbergh Blvd.<br>St. Louis, Missouri 63167,<br><br>      Petitioner,<br><br>      v.<br><br>RITTER CHEMICAL, LLC<br>26099 SW 95th Avenue<br>Wilsonville, Oregon 97070,<br><br>      Defendant. | Civil Action No. _____ |

**PETITION OF MONSANTO COMPANY TO CONFIRM AND
ENTER JUDGMENT ON ARBITRATION AWARD**

Petitioner Monsanto Company ("Monsanto") respectfully petitions this Court to (i) confirm an arbitration award dated June 20, 2013 and entered in its favor against Defendant Ritter Chemical, LLC ("Ritter") in the matter captioned *Monsanto Company and Ritter Chemical, LLC*, FIFRA Case No. 16 171 Y 00450 10; (ii) enter judgment against Ritter in the amount of $1,821,239.00, plus simple interest at the prime rate plus two percent running from July 20, 2013, as specified in the award; and (iii) authorize Monsanto to immediately register the judgment sought herein in other United States District Courts. Monsanto seeks this relief pursuant to Section 3(c)(1)(F) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136a(c)(1)(F); Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9; and 28 U.S.C. § 1963. In support of its petition, Monsanto states as follows:

## BACKGROUND

1.     On June 20, 2013, a panel of three arbitrators ("Panel") agreed to by the parties and appointed by the American Arbitration Association ("AAA") issued a final award ("Award")

1

in a "final and binding" arbitration held in Washington, D.C. in the matter captioned *Monsanto Company and Ritter Chemical, LLC*, FIFRA Case No. 16 171 Y 00450 10. A true and correct copy of the public version of the Award is attached hereto as Exhibit A. *See also* Declaration of Donald C. McLean, Esq. ("McLean Decl.") ¶ 3. The arbitration, conducted pursuant to FIFRA, determined the amount of compensation Ritter owed to Monsanto under FIFRA for Ritter's reliance on and use of Monsanto's data in obtaining certain pesticide registrations from the Environmental Protection Agency ("EPA"). The Award required Ritter to pay to Monsanto $1,821,239.00 within thirty (30) days from the date of the Award, after which the amount would accrue "simple interest at the prime rate of interest plus 2%." Award at 110.

2. The time period for payment of the Award expired on July 20, 2013, and Ritter has not yet paid the Award. In order to enforce the Award, Monsanto petitions this Court for confirmation of the Award, entry of judgment thereon, and authorization to immediately register the judgment in other United States District Courts for the purposes of enforcing the judgment.

**JURISDICTION**

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity of citizenship), and 7 U.S.C. § 136a(c)(1)(F) (FIFRA).

4. Venue in this Court is proper pursuant to section 37(c) of the FIFRA Arbitration Rules, 29 C.F.R. Part 1440, Appendix; 9 U.S.C. § 9 (Federal Arbitration Act); and 29 U.S.C. § 1391. Where, as here, the parties have not specified which court may confirm an arbitration award, FAA Section 9 states that "such application may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9. Pursuant to the agreement of the parties, the arbitration proceedings in this matter took place exclusively in

Washington, D.C.

## PARTIES

5.  Monsanto is a corporation organized under the laws of Delaware, with a principal place of business at 800 N. Lindbergh Boulevard, St. Louis, Missouri 63167. Monsanto is a research-based company with many decades of experience in developing pesticides and other agricultural products, including Glyphosate, which it markets and sells under the brand name "Roundup." Glyphosate is a "broad spectrum" herbicide that kills both grass and broad-leaf weeds alike – that is, literally anything green. EPA first registered a use of Glyphosate in 1974. Beginning in the 1990's, Monsanto developed through genetic engineering a number of crops – *e.g.*, corn, soybean, cotton – that were tolerant to Glyphosate. Monsanto sought and received from EPA registrations for the use of Glyphosate "over-the-top" of those crops. This revolutionized farming, as a herbicide that once killed crops could be applied over-the-top of those crops to kill nearby weeds, leaving the crops intact.

6.  Ritter is a limited liability company formed under the laws of Nevada with its principal place of business at 26099 SW 95th Avenue, Wilsonville, Oregon 97070. Ritter is a supplier of generic crop protection products, including Glyphosate.

## LEGAL BACKGROUND

7.  FIFRA, and specifically Section 3 thereof, requires that all pesticide products (including herbicides) sold in the United States be registered with EPA. To obtain a pesticide registration, a registration applicant must demonstrate to EPA that the pesticide "will perform its intended function without unreasonable adverse effects on the environment." FIFRA § 3(c)(5)(c), 7 U.S.C. § 136a(c)(5)(c). To make this showing, the first party seeking registration of such a pesticide product ("pioneer") must submit extensive data to EPA demonstrating that the

product and its intended uses meet that standard. 40 C.F.R. Part 158. Subsequent applicants seeking to register an identical or substantially similar product ("follow-on applicant") may submit their own data to EPA or may cite to and rely on data already submitted to EPA by a pioneer. FIFRA § 3(c)(1)(F); 7 U.S.C. § 136a(c)(1)(F).

8. A follow-on applicant that supports its registration by relying on a pioneer's data is required by FIFRA to offer to compensate the pioneer for such reliance ("offer to pay"). FIFRA § 3(c)(1)(F)(iii), 7 U.S.C. § 136a(c)(1)(F)(iii). If the follow-on applicant and pioneer cannot agree on the amount and terms of compensation within ninety (90) days of tendering the offer to pay, FIFRA authorizes either party to initiate binding arbitration proceedings, which are conducted by private arbitrators under the authority of the Federal Mediation and Conciliation Service ("FMCS"). *Id.* The FMCS has delegated substantial authority to the AAA to conduct FIFRA arbitration proceedings. 29 C.F.R. § 1440.1(b).

9. Here, Ritter, a follow-on Glyphosate registrant, relied substantially on the voluminous data generated by Monsanto, the pioneer, in applying for and obtaining from EPA various Glyphosate registrations. As required by the FIFRA regulations, Ritter sent offers to compensate Monsanto for Ritter's reliance on Monsanto's data. Ritter and Monsanto were unable to agree on the amount and terms of compensation Ritter owed to Monsanto, and Monsanto initiated an arbitration proceeding captioned *Monsanto Company and Ritter Chemical, LLC*, FIFRA Case No. 16 171 Y 00450 10 to resolve the dispute.

**THE ARBITRATION PROCEEDINGS AND AWARD**

10. Pursuant to the FIFRA Arbitration Rules, AAA appointed a panel of arbitrators to conduct the arbitration. Following a number of preliminary proceedings, including briefing and a hearing on dispositive motions in Washington, D.C., the Panel conducted a full evidentiary

hearing in Washington, D.C. on October 15-16, 22-26, December 13-14, 17-21, 2012. At that hearing, the Panel heard testimony from a number of fact and expert witnesses and received thousands of pages of exhibits and other documentary evidence into the record. The hearing was followed by extensive post-hearing briefing.

11. On June 20, 2013, the Panel issued the Award in accordance with FIFRA § 3(c)(1)(F), as well as EPA's implementing regulations and the FIFRA Arbitration Rules. The Award is in all respects proper and has, to date, gone unchallenged by Ritter.

12. After reviewing the Award, the parties conferred and reached agreement regarding redaction of certain information and the Panel issued a public version of the final award on July 11, 2013. The public version of the Award is attached as Exhibit A. *See also* McLean Decl. ¶ 3.

13. In the Award, the Panel ruled that Ritter owes Monsanto $1,821,239.00 for Ritter's reliance on Monsanto's data, and that the amount "shall be paid within thirty (30) days from the date" of the Award. Award at 101, 110. In the event Ritter delays payment beyond the thirty-day payment period, the Panel instructed that "the unpaid portion of this Final Award shall bear simple interest at the prime rate of interest plus 2%." Award at 110.

14. The public version of the Award is attached hereto as Exhibit A, along with a declaration from Monsanto's counsel of record in the arbitration proceeding authenticating the document. McLean Decl. ¶ 3.

## MONSANTO'S REQUESTS FOR RELIEF

**A.     Ritter's Failure to Pay and Monsanto's Request to Confirm Judgment.**

15. Monsanto requests that this Court confirm the Award and enter judgment as to the Award against Ritter in the amount of $1,821,239.00, plus simple interest at the prime rate plus

two percent as set forth in the Award. Confirmation of the Award and entry of judgment by this Court are proper under the governing statutes and rules.

16. The Award required Ritter to pay $1,821,239.00 to Monsanto by July 20, 2013, which is thirty days after June 20, 2013. To date, Ritter has failed to pay any amount of the Award to Monsanto, and the full amount of the Award, plus interest, is now due and owing.

17. By participating in FIFRA's mandatory licensing and data compensation scheme, Monsanto and Ritter have expressly consented to confirmation of the Award and entry of judgment thereon in accordance with FIFRA Arbitration Rule 37(c), 29 C.F.R. Part 1440, Appendix. FIFRA Rule 37(c) states: "Parties to these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any Federal or State Court having jurisdiction thereof."

18. "Federal policy and the law of this Circuit strongly favor judicial confirmation of binding arbitration decisions." *Cheminova A/S v. Griffin L.L.C.*, 182 F. Supp. 2d 68, 73 (D.D.C. 2002) (citations omitted). Moreover, this Court has jurisdiction to confirm the Award and enter judgment thereon. Under the FAA, the district court where an arbitration award was made has jurisdiction to confirm an arbitration award and enter judgment on the award. *See* 9 U.S.C. § 9; *see also Spray Drift Task Force v. Burlington Bio-Medical Corp.*, 429 F. Supp. 2d 49, 50-51 (D.D.C. 2006) (exercising jurisdiction to confirm FIFRA arbitration award made in the District of Columbia and granting petition to confirm award); *Cheminova A/S*, 182 F. Supp. 2d at 80 (confirming FIFRA arbitration award made in Washington, D.C.). Here, the parties agreed to hold the arbitration proceedings in Washington, D.C. and the arbitration proceedings took place exclusively in Washington, D.C. Jurisdiction in this Court is proper.

19. In light of Ritter's failure to pay the Award by the Panel-ordered deadline,

Monsanto seeks confirmation of the Award and entry of judgment against Ritter in the amount of $1,821,239.00, plus simple interest at the prime rate plus two percent running from July 20, 2013.

B. **Monsanto Is Entitled to Immediate Registration of the Judgment in Other U.S. District Courts for the Purpose of Execution.**

20. Monsanto also requests that this Court enter an order permitting Monsanto to immediately register the judgment against Ritter in other United States District Courts for the purpose of execution under 28 U.S.C. § 1963. Under that statute:

> A judgment in an action for the recovery of money or property . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

*Id.*

21. This Court has adopted a two-part test for establishing good cause: (i) an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum; and (ii) refusal or failure to post a supersedeas bond. *Cheminova*, 182 F. Supp. 2d at 80.

22. Ritter has no reasonably ascertainable assets located in the District of Columbia for satisfaction of the judgment on the Award. McLean Decl. ¶¶ 4-5. Ritter is believed to have substantial assets in Oregon and Texas, where it maintains its principal business operations. *Id.*

23. In addition, Ritter has not posted a supersedeas bond, and has instead delayed payment of the Award well past the due date of July 20, 2013.

24. Moreover, Ritter has not challenged the Award and appears to have no meritorious basis to appeal confirmation of the Award and entry of judgment by the Court. Therefore, given that Ritter is unlikely to have any argument for an appeal, Ritter is unlikely to

have an opportunity to post a supersedeas bond to stay judgment pending an appeal. *Spray Drift Task Force*, 429 F. Supp. 2d at 51 ("it is unlikely that the opportunity to post a bond will arise ... given that [respondent] challenged neither the Award nor its confirmation").

25. Accordingly, good cause exists for this Court to authorize immediate registration of the judgment in this matter for the purpose of execution in other United States District Courts, even though the time for appeal has not yet expired. *See* 28 U.S.C. § 1963; *Spray Drift Task Force*, 429 F. Supp. 2d at 51-52 (confirming arbitration award and authorizing registration of judgment in other district courts).

## PRAYER FOR RELIEF

**WHEREFORE**, Monsanto respectfully requests that this Court issue an order:

A. Confirming the Award in *Monsanto Company and Ritter Chemical, LLC*, FIFRA Case No. 16 171 Y 00450 10;

B. Directing entry of judgment on the Award and against Ritter in the amount of $1,821,239.00, plus simple interest at the prime rate plus two percent running from July 20, 2013 in accordance with the terms of the Award;

C. Authorizing Monsanto to register the Court's judgment in this matter in other United States District Courts for purposes of execution; and

D. Granting such other and further relief as the Court may deem just and proper.

Dated: August 9, 2013                                  Respectfully submitted,

*/s/ Donald C. McLean*
Donald C. McLean (D.C. Bar 412268)
Randall A. Brater (D.C. Bar 475419)
Karen E. Carr (D.C. Bar 975480)
ARENT FOX LLP
1717 K Street NW
Washington, DC 20036
ph: (202) 857-6000
fax: (202) 857-6395
donald.mclean@arentfox.com
randall.brater@arentfox.com
karen.carr@arentfox.com

*Counsel for Petitioner Monsanto Company*

## CERTIFICATE OF SERVICE

I hereby certify that service of process on Ritter Chemical, LLC by the U.S. Marshal was requested with regard to the foregoing Petition to Confirm Arbitration Award and all attachments on August 9, 2013. Furthermore, copies were also served by FedEx on August 9, 2013 to:

Dayna Christian
Immix Law Group PC
121 SW Salmon Street
Suite 1000
Portland, Oregon 97204
*Counsel for Defendant Ritter Chemical, LLC*

and

Ritter Chemical, LLC
26099 SW 95th Avenue
Wilsonville, Oregon 97070

and

Eric Gross
Chief Operating Officer
Ritter Chemical, LLC
26099 SW 95th Avenue
Wilsonville, Oregon 97070
*Defendant*

/s/ Donald C. McLean
Donald C. McLean (D.C. Bar 412268)
Randall A. Brater (D.C. Bar 475419)
Karen E. Carr (D.C. Bar 975480)
ARENT FOX LLP
1717 K Street NW
Washington, DC 20036
ph: (202) 857-6000
fax: (202) 857-6395
donald.mclean@arentfox.com
randall.brater@arentfox.com
karen.carr@arentfox.com

*Counsel for Petitioner Monsanto Company*